UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-52-H

THOMAS SAUNDERS                                                                    PLAINTIFF

V.

LOWE'S HOME CENTERS, INC.                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Lowe's Home Centers, Inc. ("Lowe's"), has moved for summary judgment on Plaintiff's claim of damages based upon Lowe's failure to maintain its premises in a reasonably safe condition.  In its motion for summary judgment, Lowe's sets forth a statement of material facts to which Plaintiff has agreed.  Consequently, the Court can resolve the issue on summary judgment.

The material facts taken from Defendant's statement are as follows.  On January 7, 2004, Plaintiff went to Lowe's Preston Crossing store to buy a wood chisel.  He was walking past the front registers when he noticed four or five poles of PVC pipes laying across the floor.  The pipes were bigger than a quarter in diameter and six to eight feet in length.

Plaintiff said that he could not walk around the pipes.  When he tried to step over them, his foot allegedly slipped:

Q:    You said there [were] four or five poles, and you indicate[d] with your hand.
      Were they the size of a quarter around or bigger than that?
A:    I believe they were a little bigger than a quarter.
Q:    So you saw those laying on the ground?
A:    (Witness nods head)

Q:     Correct?
A:     All the way across, no way through.
Q:     So you tried to step over them, right?
A:     Yeah, I thought that's what I did.
Q:     And you stepped on them.  Is that right?
A:     Yes, ma'am.

Jeremy Wheat, a Lowe's employee, was at the front register helping a customer.  Another customer was purchasing the PVC pipes.  After the pipes were scanned and in order to reach his wallet, the customer laid the pipes down on the ground between himself and the register.  It was at this same time that Plaintiff walked by and tripped on the pipes while attempting to step over them.  Mr. Wheat described the time frame as "seconds."

Q:     What kind of time frame are we talking about from when the customer with the PVC piping put down the piping on the ground and Mr. Saunders actually tripping (sic) over it?
A:     Seconds.
Q:     So not a prolonged period of time?
A:     No, not at all.

After being helped up, Plaintiff continued toward the tool department to locate the wood chisels.  Chad Robinson, a Lowe's manager, caught up with Plaintiff while he was looking at merchandise.  Mr. Robinson asked Plaintiff if he was okay and he said yes.  After shopping for a little while longer, Plaintiff made his purchases and drove home.  Two months later, on March 12, 2004, Plaintiff saw a doctor for complaints allegedly due to the incident at Lowe's.  Plaintiff alleges that he sustained a right rotator cuff tear as a result of the incident.

Summary judgment is appropriate if no genuine issue of material facts exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In order to succeed on a claim of negligence, Plaintiff must prove four elements: (1) a duty of care owed; (2) a breach of that duty by Defendant; (3) a

resulting injury; and (4) causation.  *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992).  If Plaintiff fails to prove any one of these elements, there can be no recovery. *M&T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974).

Though premises owners have a duty to their business invitees "to use ordinary reasonable care to have the premises in [a] reasonably safe condition," the premises owners do not insure their safety.  *Scuddy Coal Co. v. Couch*, 279 S.W.2d 388, 390 (Ky. 1954).  Reasonable care "does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them."  *Johnson v. Lone Star Steakhouse & Saloon of Ky., Inc.*, 997 S.W.2d 490, 492 (Ky. App. 1999).  Accordingly, a premises owner is not liable for injuries suffered by an invitee resulting from an open and obvious condition.

This case is not directly governed by *Stump v. Wal-Mart Stores, Inc.*, 946 F.Supp. 492 (E.D. Ky. 1996), because a Lowe's employee did see the customer place the pipes on the floor. Consequently, Lowe's had notice of the hazard, though the notice was only fleeting.  The evidence is that the customer had placed the pipes on the floor only seconds before Plaintiff came upon them.  Moreover, the evidence is undisputed that Plaintiff saw the pipes in plenty of time to avoid them.

On these facts, the liability of Lowe's is precluded on two factual and legal grounds: (1) the evidence does not permit an inference that the Lowe's employee had sufficient opportunity or time to remove the pipes from Plaintiff's path, and (2) Plaintiff was fully aware of the hazard, making it open and obvious as a matter of law.  The owner of a business premises, such as Lowe's, is not liable for injuries suffered by another person due to an open and obvious condition on the premises.  *Id.* at 492.

3

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is

SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:     Counsel of Record